

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Ayn B. Ducao*
*Assistant United States Attorney*
*Ayn.Ducao@usdoj.gov*

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4819
MAIN: 410-209-4800
FAX: 410-962-3091

December 19, 2016

Laura Ginsberg Abelson, Esquire
Assistant Federal Public Defender
100 South Charles Street
Tower II, Suite 1100
Baltimore, Maryland 21201

Re:   United States v. Jose Gilbert Rodriguez-Lazo  *a/k/a Jose Gilbert Rodriguez-Lavo*
      Criminal No. MJG-16-0418

Dear Ms. Abelson:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by January 20, 2017, it will be deemed withdrawn. The terms of the agreement are as follows:

## Offense of Conviction

1. The Defendant agrees to waive indictment and plead guilty to a one-count Information that will charge him with one count of Possession of Child Pornography, pursuant to 18 U.S.C. § 2252A(a)(5)(B). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

## Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a. that, on or about March 17, 2016, the Defendant knowingly possessed or knowingly accessed a visual depiction;

   b. that the visual depiction was transported in or affecting interstate or foreign commerce or the visual depiction was produced using materials that had been transported

in or affecting interstate or foreign commerce, specifically a HTC Desire cellular phone 510 Model MEID #2565915432203481878, made in Taiwan;

   c. that the visual depiction was child pornography, as defined in Title 18, United States Code, Section 2256(8)(A); and

   d. that the Defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

## Penalties

  3. The maximum sentence provided by statute for the offense in Count One to which the Defendant is pleading guilty is as follows: 10 years' imprisonment, lifetime supervised release, and a $250,000 fine. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013 *and* must pay a $5,000 special assessment pursuant to 18 U.S.C. §, 3014(a) which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

  4. The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

  5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

b.  If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

c.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the statement of the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can

predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

6.     The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7.     This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following guidelines:

   a.     The base offense level is eighteen (18) pursuant to U.S.S.G. § 2G2.2(a)(1).

   b.     Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer.

   c.     Pursuant to U.S.S.G. § 2G2.2(b)(6), there is a five (5) level increase because the offense involved more than 600 images.

   d.     Thus, the adjusted offense level before any adjustment for acceptance of responsibility is **25**.

   e.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Accordingly, the final adjusted offense level is ~~23~~ 22.

#### Obligations of the United States Attorney's Office

8. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

9. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

#### Rule 11(c)(1)(C) Plea

10. **The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of three (3) years' imprisonment in the custody of the Bureau of Prisons and twenty (20) years of supervised release is the appropriate sentence in this case.** This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

#### Consent to Removal from the United States

11. The Defendant acknowledges that he is subject to removal from the United States and agrees not to contest any removal proceedings brought by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative document requiring the Defendant to show cause why he should not be removed, the Defendant agrees to request an expedited removal hearing and to consent to removal. The Defendant acknowledges that by consenting to removal, he will be removed from the United States expeditiously upon completion of any term of incarceration imposed. The Defendant knowingly waives any and all rights to appeal, reopen, reconsider or otherwise challenge his removal.

12. After the conclusion of the Defendant's term of incarceration, he agrees to be remanded to the custody of United States Immigration and Customs Enforcement for the execution of the order of removal entered against him by the Executive Office for Immigration Review's San Diego Immigration Court on October 5, 2005. The Defendant waives any right to contest the October 5, 2005 order of removal entered against him and concedes that this is a legally valid order of removal. The Defendant waives any right to seek and apply for any application for relief from removal including, but not limited to, asylum pursuant to Title 8, United States Code, section 1158, or withholding from removal pursuant to Title 8, United States Code, section 1231(b)(3), or protection under the Convention Against Torture, pursuant to Title 8, Code of Federal Regulations, section 1208.16-18. The Defendant agrees to fully cooperate with all efforts made by the United States Immigration and Customs Enforcement to remove him from the United States at the conclusion of his term of incarceration. The Defendant agrees to waive any rights she may have to apply for any form of relief or protection from removal, deportation or exclusion under the

Immigration and Nationality Act (as amended) and related federal regulations. The rights the Defendant is waiving include, but are not limited to the ability to apply for asylum, withholding of deportation or removal, cancellation of removal, suspension of deportation, adjustment of status and protection under the Convention Against Torture. As part of this agreement, the Defendant specifically acknowledges and states that he has not been persecuted or tortured in, and has no present fear of persecution or torture in El Salvador on account of race, religion, nationality, political opinion or membership in a particular social or political group.

13. The Defendant agrees that upon entry of this plea agreement, the Defendant abandons any and all applications for relief from deportation, removal or exclusion he may have filed and agreed not to file or prosecute any application for relief from removal, deportation or exclusion before any federal court, immigration court, Board of Immigration Appeals or DHS prior to the Defendant's removal from the United States.

14. The Defendant agrees to assist the DHS in his removal. Specifically, the Defendant agrees to assist the DHS in procuring travel or other documents necessary for the Defendant's removal; to cooperate with representatives of the country or countries to which the Defendant's removal is directed; and to execute promptly those documents which are needed to effect the Defendant's removal. The Defendant agrees that his failure or refusal to cooperate in his removal shall constitute a material breach of this agreement and may subject the Defendant to additional criminal penalties.

## Waiver of Appeal

15. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. §1291 or otherwise, to appeal the Defendant's conviction.

   b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except both parties reserve the right to appeal any sentence other than **three (3) years** imprisonment in the custody of the Bureau of Prisons and **twenty (20) years** of supervised release.

   c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

16.  The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Restitution

17.  Under Title 18 United States Code, Section 1593, any identified victim is entitled to mandatory restitution, including losses suffered by the victim as defined by Section 1593. The Defendant further agrees to fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including, but not limited to, copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

### Collection of Financial Obligations

18.  The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

19.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

20.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Forfeiture

21.     The Defendant understands that the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part of his sentence, and that the order will include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property subject to forfeiture. Specifically, as a consequence of the Defendant's plea of guilty to a violation of 18 U.S.C. § 2252A(a)(5)(B), the Court will order the forfeiture of all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense or any property, real or personal, used or intended to be used to commit or promote the commission of such offense or any property traceable to such property, pursuant to 18 U.S.C. §§ 2253(a)(2) and (3). The property the Defendant understands and agrees will be forfeited to the United States includes the following item: One (1) HTC Desire cellular phone 510 Model MEID #256591543203481878.

22.     The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

23.     The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant agrees to disclose all of the Defendant's assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant also agrees to give this Office permission to request and review the Defendant's federal and state income tax returns, and any credit reports maintained by any consumer credit reporting entity, until such time as the money judgment is satisfied. In this regard, the defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) as well as whatever disclosure form may be required by any credit reporting entity.

24.     The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture

25. This office will recommend that the Attorney General apply forfeited funds to satisfy the restitution amount owed to any victims in this case.

## Court Not a Party

26. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, nor his counsel, nor the Court, can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

27. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Ayn B. Ducao
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, or had this agreement, including the Sealed Supplement, translated into Spanish and read to me, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

1/13/17
Date

_____
Jose Gilbert Rodriguez-Lazo

I am Jose Gilbert Rodriguez-Lazo's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

1/18/17
Date

_____
Laura Ginsberg Abelson, Esquire

## ATTACHMENT A - STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Jose Gilbert Rodriguez-Lazo, also known as Jose Gilbert Rodriguez-Lavo (the "Defendant"), age 45, is a citizen of El Salvador. On or about November 21, 2005, the Defendant was advised that he should report to the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) office in San Diego, California in order that the Defendant be deported to El Salvador pursuant to an order of deportation. The Defendant did not report and was not ultimately deported from the United States.

On March 17, 2016, the Maryland State Police (MSP), Internet Crimes Against Children Task Force assisted by Homeland Security Investigations (HSI) special agents executed a state search warrant for the residence located at 5644 Stevens Forest Road, Apt 205, Columbia, Maryland 21045. During the execution of the search numerous digital devices, including computers, tablets and cellular phones were located and seized. Several individuals were encountered at 5644 Stevens Forest Road, Apt 205, Columbia, Maryland 21045, including the Defendant. One of the devices seized at the residence, an HTC Desire Model 510 cellular phone was previewed on scene and found to contain images and videos of minors engaged in sexually explicit conduct. The Defendant admitted the HTC Desire Model 510 was his cell phone.

A forensic examination of the HTC Desire Model 510 cell phone revealed images of minors engaged in sexually explicit conduct in a downloads folder on this cell phone, including, but not limited to, a file with the following title:

(1) "IMAGE 570123523.jpg", an image file which depicts a nude prepubescent minor female lying on a bed on top of the legs of an adult male and the adult male is vaginally penetrating the minor with his genitals.

During the execution of the search warrant, the Defendant was interviewed. The Defendant stated he resided at 5644 Stevens Forest Road, Apt 205, Columbia, Maryland with his girlfriend and their two minor children. The Defendant admitted had used Google + to talk to others and view child pornography and that he had used all four of the following email accounts: princesaviki2210@gmail.com, miprincesarosi2210@gmail.com, rosaprincesa2210@gmail.com and dylannahum2210@gmail.com.

A search warrant was obtained for these email addresses and the email accounts miprincesarosi2210@gmail.com, princesaviki2210@gmail.com, and rosaprincesa2210@gmail.com were found to contain images or videos of child pornography as follows:

(1) miprincesarosi2210@gmail.com contained a Google+ Photo album that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct, including, but not limited to, a file with the following title: "2013_01_05_02_57_46_962b453dc5_360.mp4" a video which depicts a minor female sitting on a couch and in various stages of undress. The minor is then seen partially nude with her legs spread to expose her genitals to the camera, and the minor continues to pose in various standing and sitting positions on the couch with her genitals exposed to the camera.

(2) princesaviki2210@gmail.com contained a Google+ Photo album that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct, including, but not limited to, a file with the following title: "Video%20Aug%2025%2%C%204%2056%2053%20PM.mp4", a video which depicts a nude minor female standing in a shower and the midsection of the minor female is visible in the video. The video then focuses on the minors genitals as the minor digitally masturbates.

(3) rosaprincesa2210@gmail.com contained a Google+ Photo album that contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct, including, but not limited to, a file with the following title: "VID-20140922-WA004.mp4", a video which depicts a two nude prepubescent minor females lying on top of each other on a couch. The video focuses on the minors' genitals and then depicts a close up of the minors' genitals as an adult vaginally penetrates both minors alternately.

The number of images of child pornography found on the above listed media and email accounts totaled more than 600.

The HTC Desire Model 510 cell phone was manufactured outside the State of Maryland. In addition, the email accounts were accessed using the Internet, which involves the use of interstate and foreign commerce.

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it.

_____
Jose Gilbert Rodriguez-Lazo
Defendant

I am Jose Gilbert Rodriguez-Lazo's attorney. I have carefully reviewed the statement of facts with him.

_____
Laura Ginsberg Abelson, Esquire

3